UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-255-GWU

JACKIE D. BAKER, PLAINTIFF,

VS.   **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

### INTRODUCTION

Jackie Baker brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

07-255 Jackie D. Baker

    Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

07-255  Jackie D. Baker

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

4

07-255 Jackie D. Baker

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

07-255 Jackie D. Baker

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

07-255 Jackie D. Baker

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Baker, a 31-year-old former coal miner with a "limited" education, suffered from impairments related to the residuals of left foot trauma, degenerative disc disease, the residuals of left hand trauma, post-traumatic stress disorder, borderline intelligence, and a mood disorder. (Tr. 17, 20). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 24). Since the available work was found to constitute a significant number of jobs in the national economy, the plaintiff could not be considered totally disabled. (Tr. 24-25). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court

must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert William Ellis included an exertional limitation to light level work, restricted from a full range by such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally bend and/or climb ramps or stairs; (3) the need for a sit/stand option in 45-minute intervals; (4) a limited ability to push or pull with the lower extremities; and (5) an inability to perform commercial driving or perform a job requiring driving. (Tr. 401). In response, the witness identified a significant number of jobs which could still be performed including amusement park clerk (58,000 national jobs), ticket taker (50,000 national jobs) and inspector (120,000 national jobs). (Id.). The ALJ then added such mental limitations as a "limited but satisfactory" ability to understand, remember and carry out simple instructions and a "severely limited but not precluded" ability to work with the public and supervisors. (Tr. 402). Ellis testified that the previously cited job numbers would not be affected. The ALJ later added limitations concerning an inability to perform jobs requiring reading and an inability to more than occasionally perform fine or gross manipulation with the non-dominant left hand. (Id.). Ellis reported that the aforementioned jobs of inspector would be reduced by ten percent leaving the other job numbers intact. (Id.). Baker's representative later presented a hypothetical question including a limitation to light level work restricted from a full

range by such non-exertional limitations as (1) an inability to stand or walk for more than two hours in an eight-hour day or sit for more than six hours in an eight-hour day in 45-minute intervals; (2) an inability to perform fine manipulation with the left, non-dominant hand and gross manipulation for only one third of the day; and (3) a "severely limited but not precluded" ability to respond appropriately to supervisors, co-workers and work pressures.  (Tr. 403).  In response, the vocational expert indicated that these factors would not seriously reduce the aforementioned jobs.  (Tr. 404).  Therefore, assuming that the vocational factors considered by Ellis fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The ALJ dealt properly with the evidence of record relating to Baker's physical condition.  The physical factors presented by the ALJ to Ellis were essentially consistent with the physical restrictions identified by Dr. Kenneth Phillips (Tr. 223-231) and Dr. Sudideb Mukherjee (Tr. 267-276), the non-examining medical reviewers.  Such treating and examining sources as Dr. Talmadge Hays (Tr. 169-176), Dr. Mary Woodring (Tr. 177-190), the staff at the Pineville Community Hospital (Tr. 191-222, 232-235, 353-354), Dr. Richard Lingreen (Tr. 258-261), the staff at the Red Bird Clinic (Tr. 262-266, 355-368), and Dr. Cesar Agtarap (Tr. 296-313, 348-352) did not report the existence of more severe physical limitations than those

considered by the vocational expert.  Therefore, substantial evidence supports this portion of the administrative decision.

The vocational factors considered by Ellis also fairly depicted Baker's mental status.  Psychologist James Leisenring examined the plaintiff and opined that he would be "moderately" limited in his ability to understand, remember and carry out instructions as well as "significantly compromised" in responding to supervision, co-workers and work pressures.  (Tr. 240).  These restrictions are compatible with those presented to Ellis.  More severe mental limitations were identified by Psychologist Syed Raza, another examiner.  (Tr. 374-375).  However, Raza's opinion is offset by that of Leisenring.  The record was reviewed by Psychologist Stephen Scher (Tr. 255-256) and Jane Brake (Tr. 277-278), each of whom identified somewhat differently worded but not necessarily totally disabling mental limitations.  The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."  20 C.F.R. § 404.1527(d)(1).  Thus, to the extent these mental limitations of the reviewers might be considered more severe than those of Leisenring, the ALJ was free to rely on the examining source.

Baker argues that the ALJ erred in failing to fully develop the record concerning his mental condition.  The court notes that intelligence testing results from Leisenring did reveal a full scale IQ score of 70 and a performance IQ score

10

07-255  Jackie D. Baker

of 70.  (Tr. 238).  The examiner indicated that his testing results were valid.  (Id.). These scores are within the range necessary to satisfy the requirements of § 12.05(C) of the Listing of Impairments.  This Listing requires a claimant to produce in part,

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function . . . .

20 C.F.R., Part 404, Subpart P, App. 1, § 12.05(C).  The regulations further provide that: "Mental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence supports onset of the impairment before age 22."  20 C.F.R., Part, 404, Subpart P, App. 1, § 12.05.  Leisenring did not address the issue of the claimant's adaptive functioning.  However, Scher, the reviewer, did consider the issue concerning whether 12.05C was met and opined that his prior job history and adaptive skills were not consistent with mental retardation. (Tr. 257).  Neither Scher (Tr. 241-254) nor Brake (Tr. 281-294) thought that any Listing had been met.  Therefore, the court finds that the record was sufficient for the ALJ to reach a decision.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment

11

07-255  Jackie D. Baker

motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 23rd day of April, 2008.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**